UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:19-CV-80007-ROSENBERG/REINHART

PHILIP WILSON,

    Plaintiff,

v.

BOCA WEST MASTER
ASSOCIATION,

    Defendant.
                                    /

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO
DISMISS FIRST AMENDED COMPLAINT AND TO STRIKE JURY TRIAL DEMAND**

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss First Amended Complaint and to Strike Jury Trial Demand [DE 20]. The Court has carefully considered the Motion, Plaintiff's Response [DE 23], Defendant's Reply [DE 24], and the record, and is otherwise fully advised in the premises. For the reasons set forth below, Defendant's Motion is granted in part and denied in part.

## I.     BACKGROUND

*Pro se* Plaintiff Philip Wilson commenced this action against Defendant Boca West Master Association, his former employer, in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. DE 1-2. Defendant removed the action to this Court under federal question jurisdiction. DE 1.

Plaintiff subsequently filed an Amended Complaint. *See* DE 18. Plaintiff alleges that he worked for Defendant for more than 14 years, was an "exemplary employee," and "had no disciplinary actions in his record." *Id.* at 1. His employment was terminated on August 28, 2018, after he "was falsely accused of having engaged in some sort of inappropriate behavior with

another employee or employees." *Id.* at 1-2. The allegation of inappropriate behavior—"attempting to assault [an employee] sexually"—was concocted by two female employees who were unhappy that one of the employees had been suspended for excessive tardiness. *Id.* at 3, 6.

Plaintiff raises claims of racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. *Id.* at 2, 4-5. He also contends that the termination of his employment violated his right to due process because he was not permitted to defend himself and was not disciplined. *Id.* at 3-4. Finally, he raises common law claims of slander, libel, and defamation, arguing that Defendant's employees are telling people that he was inappropriate with female employees. *Id.* at 5-6. Plaintiff seeks compensation for loss of income, pain, suffering, and mental anguish, as well as punitive damages. *Id.* at 7.

Defendant now moves to dismiss the Amended Complaint under Fed. R. Civ. P. 12(b)(6) and to strike Plaintiff's demand for a jury trial. *See* DE 20. Defendant argues that Plaintiff has not alleged facts to establish the elements of a Title VII, § 1981, slander, libel, or defamation claim; that he did not exhaust administrative remedies with respect to his Title VII claim; and that Defendant, a private entity, cannot be held liable under the Due Process Clause. *Id.* at 2-7. Defendant further argues that the Amended Complaint violates Fed. R. Civ. P. 8(a) by failing to list the claims in separate counts. *Id.* at 6. Defendant contends that Plaintiff's demand for a jury trial should be stricken because he did not make the demand in the initial Complaint. *Id.* at 6-7.

## II. LEGAL STANDARD

A court may grant a party's motion to dismiss a pleading if the pleading fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss should be granted only when the pleading fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleading must contain more than labels, conclusions, a formulaic recitation of the elements of a cause of action, and naked assertions devoid of further factual enhancement. *Id.* The factual allegations must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555.

When ruling on a motion to dismiss, a court accepts as true the facts alleged in the complaint and draws all reasonable inferences in the plaintiff's favor. *West v. Warden*, 869 F.3d 1289, 1296 (11th Cir. 2017). Dismissal based on a dispositive issue of law is proper when no construction of the factual allegations will support the cause of action. *Allen v. USAA Cas. Ins. Co.*, 790 F.3d 1274, 1278 (11th Cir. 2015). *Pro se* pleadings are liberally construed and are held to a less stringent standard than attorney-drafted pleadings. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

### III. ANALYSIS

#### A. Title VII

Title VII forbids employment discrimination based on an individual's race and forbids retaliation against an employee for certain reasons. *See* 42 U.S.C. §§ 2000e-2(a), 2000e-3(a). A plaintiff must file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") before filing a Title VII action. *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004); *see also Chanda v. Engelhard/ICC*, 234 F.3d 1219, 1225 (11th Cir. 2000) (stating that filing an administrative complaint with the EEOC is a jurisdictional prerequisite to a Title VII action). A plaintiff's complaint "is limited by the scope of the EEOC investigation which

can reasonably be expected to grow out of the charge of discrimination." *Gregory*, 355 F.3d at 1280 (quotation marks omitted).

Plaintiff attached his EEOC charge to the initial Complaint. *See* DE 1-2 at 4-5; *see also Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (stating that a court may consider exhibits attached to a complaint when ruling on a motion to dismiss). The charge shows that he alleged discrimination based solely on retaliation, asserting that his employment was terminated because three female employees complained about his "inappropriate behavior" in "retaliation" after he disciplined one of the employees. DE 1-2 at 5. The EEOC determined that it was "unable to conclude that the information obtained establishes violations of the statutes." *Id.* at 4.

Plaintiff did not raise a claim of racial discrimination to the EEOC. He did not check the "race" box on his EEOC charge, nor did he mention race in his description of his claim. *See id.* at 5. A claim of racial discrimination could not "reasonably be expected to grow out of" the information contained in the EEOC charge. *See Gregory*, 355 F.3d at 1280 (quotation marks omitted). This Court lacks jurisdiction over Plaintiff's Title VII claim of racial discrimination.

To establish a Title VII claim of retaliation, a plaintiff mush show that he engaged in statutorily protected activity, that he suffered a materially adverse action, and that there was some causal relation between the two events. *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1277 (11th Cir. 2008). Statutorily protected activity is either the employee opposing an unlawful employment practice or the employee making a charge, testifying, assisting, or participating in an investigation, proceeding, or hearing connected to an EEOC charge. *Equal Emp't Opportunity Comm'n v. Total Sys. Servs., Inc.*, 221 F.3d 1171, 1174 (11th Cir. 2000) (citing 42 U.S.C. § 2000e-3(a)).

Plaintiff asserted in his EEOC charge that he was retaliated against for disciplining an employee. *See* DE 1-2 at 5. Disciplining an employee specifically, or conducting job duties more generally, is not a statutorily protected activity that will support a Title VII retaliation claim. *See Total Sys. Servs.*, 221 F.3d at 1174. Thus, Plaintiff did not raise a viable retaliation claim to the EEOC. To the extent that he may now seek to amend his claim to argue that he was engaged in a statutorily protected activity, that argument was not first raised to the EEOC. For these reasons, Plaintiff's Title VII claim is dismissed with prejudice.

B.    **Section 1981**

Under 42 U.S.C. § 1981, all people have the same rights in the making, performance, modification, and termination of contracts. 42 U.S.C. § 1981(a), (b). At-will employment in Florida is recognized as a contractual relationship for the purpose of applying § 1981. *Knight v. Palm City Millwork & Supply Co.*, 78 F. Supp. 2d 1345, 1348 (S.D. Fla. 1999). The exhaustion requirement for Title VII claims does not apply to a § 1981 claim. *Caldwell v. Nat'l Brewing Co.*, 443 F.2d 1044, 1046 (5th Cir. 1971).

"Title VII and § 1981 have the same requirements of proof and utilize the same analytical framework." *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1325 n.14 (11th Cir. 2011). To establish a *prima facie* case of racial discrimination, a plaintiff must show that (1) he is a member of a protected class, (2) he was subjected to an adverse employment action, (3) his employer treated similarly situated employees who are not members of the protected class more favorably, and (4) he was qualified for the job or job benefit at issue. *Rice-Lamar v. City of Fort Lauderdale*, 232 F.3d 836, 842-43 (11th Cir. 2000). To make a comparison of the plaintiff's treatment to that of other employees, "the plaintiff must show that the employees are similarly situated in all relevant respects." *Knight v. Baptist Hosp. of Miami, Inc.*, 330 F.3d 1313, 1316 (11th Cir. 2003)

(quotation marks omitted). When determining whether employees are similarly situated "it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." *Id.* (quotation marks omitted); *see also Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999) ("We require that the quantity and quality of the comparator's misconduct be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges.").

Plaintiff alleges that he is black, that he was an "exemplary employee," and that his employment was terminated before he was given any sort of discipline. DE 18 at 1, 4-5. He alleges that other employees have been disciplined for "clearly inappropriate behavior," and he gives examples of employees who were disciplined for "yelling and cussing," "insubordination," and "snatching [a] personal cell phone." *Id.* at 4-5. Plaintiff has not alleged that any similarly situated employee was treated more favorably. Specifically, he has not alleged that an employee involved in or accused of the same or similar conduct—"attempting to assault [an employee] sexually"—was treated differently. *See id.* at 3-5. Plaintiff has not pled a plausible § 1981 claim of racial discrimination.

Plaintiff also has not pled a plausible § 1981 retaliation claim. As discussed above, Plaintiff contends that he was retaliated against for disciplining an employee, which is not a statutorily protected activity. *See id.* at 3; *see also Total Sys. Servs.*, 221 F.3d at 1174.

When a more carefully drafted complaint might state a claim for relief, a plaintiff generally must be given at least one chance to amend the complaint before a court dismisses the action with prejudice. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). A court need not allow amendment when (1) there has been undue delay, bad faith, dilatory motive, or a repeated failure to cure deficiencies by previously allowed amendments; (2) allowing amendment would cause

undue prejudice to the opposing party; or (3) amendment would be futile. *Id.* Here, Plaintiff has amended his Complaint once. The Court concludes that it is appropriate to give Plaintiff one final opportunity to amend his Complaint to cure his pleading deficiencies and to plead a plausible § 1981 claim before the Court dismisses the claim with prejudice. Consequently, Plaintiff's § 1981 claim is dismissed without prejudice.

### C. Due Process

The Fourteenth Amendment right to due process applies only to states and state actors. *See* U.S. Const. amend. XIV, § 1 ("No state shall . . . deprive any person of life, liberty, or property, without due process of law . . . ."); *United States v. Morrison*, 529 U.S. 598, 621 (2000) ("The principle has become firmly embedded in our constitutional law that the action inhibited by the first section of the Fourteenth Amendment is only such action as may fairly be said to be that of the States. That Amendment erects no shield against merely private conduct, however discriminatory or wrongful." (alteration and quotation marks omitted)). Plaintiff cannot maintain a due process claim against Defendant, which is not a state or a state actor. Because permitting Plaintiff to amend his due process claim would be futile, the claim is dismissed with prejudice. *See Bryant*, 252 F.3d at 1163.

### D. Slander, Libel, and Defamation

Under Florida law, defamation encompasses both libel and slander. *Fortson v. Colangelo*, 434 F. Supp. 2d 1369, 1378 n.11 (S.D. Fla. 2006). To state a claim of defamation, a plaintiff must allege that (1) the defendant published a false statement, (2) about the plaintiff, (3) to a third party, and (4) that the falsity of the statement caused injury to the plaintiff. *Turner v. Wells*, 198 F. Supp. 3d 1355, 1364 (S.D. Fla. 2016). An employer may be held vicariously liable for the acts of its employees if the acts were committed within the course and scope of employment and were

7

committed, at least in part, to further the employer's interests. *Carroll v. TheStreet.com, Inc.*, No. 11-CV-81173, 2014 WL 5474061, at *9 (S.D. Fla. July 10, 2014); *see also Morera v. Sears Roebuck & Co.*, 652 F. App'x 799, 801 (11th Cir. 2016) (stating that an employee acts within the scope of his employment if the conduct is of the kind that the employee is hired to perform, occurs substantially within the time and space limits authorized or required by the work to be performed, and is activated by a purpose to serve the master).

Plaintiff alleges that Defendant's employees are telling people that he was inappropriate with female employees. DE 18 at 5-6. He alleges that, because of these false statements, he has "a problem getting jobs in other places." *Id.* at 6. However, he has not alleged any facts to indicate that Defendant may be held vicariously liable for the statements of its employees. He has not pled a plausible defamation claim against Defendant.

The Court concludes that it is appropriate to give Plaintiff one final opportunity to amend his Complaint to cure his pleading deficiencies and to plead a plausible defamation claim before the Court dismisses the claim with prejudice. Consequently, Plaintiff's defamation claim is dismissed without prejudice.

### E. Jury Trial Demand

Defendant contends that Plaintiff waived his right to a jury by failing to demand a jury trial in the initial Complaint. The Court notes that the initial Complaint was titled "Complaint And Jury Trial Demand." DE 1-2 at 1. That title is sufficient to preserve Plaintiff's right to a jury. *See* Fed. R. Civ. P. 38(b)(1) (permitting a party to demand a jury trial in a pleading); *see also LaMarca v. Turner*, 995 F.2d 1526, 1544 (11th Cir. 1993) (stating that a court must indulge every reasonable presumption against waiver of the right to a jury). Defendant's motion to strike Plaintiff's demand for a jury trial is denied.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss First Amended Complaint and to Strike Jury Trial Demand [DE 20] is **GRANTED IN PART AND DENIED IN PART**.

2. Plaintiff's First Amended Complaint is **DISMISSED**. Plaintiff's Title VII claim and due process claim are **DISMISSED WITH PREJUDICE**. Plaintiff's § 1981 claim and defamation claim are **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiff may replead his § 1981 claim and defamation claim in a Second Amended Complaint, which shall be filed no later than **April 1, 2019**. This will be Plaintiff's final opportunity to amend the Complaint. Failure to file a Second Amended Complaint by **April 1, 2019**, may result in the dismissal of this action without further notice. Plaintiff must include all of the allegations supporting his § 1981 claim and defamation claim in the Second Amended Complaint. The Court will not consider allegations made in prior Complaints or additional allegations made in any response to a motion to dismiss when considering any subsequent motion to dismiss.

4. Defendants motion to strike the jury trial demand is **DENIED**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 18th day of March, 2019.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Plaintiff
Counsel of Record